■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS FELICIANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Coffinas, J.),

rendered October 3, 1989, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which she moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Susan Bloch Marhoffer is relieved as attorney for the defendant, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that David Glovin, 50 Lexington Ave., New York, N.Y. 10010 is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Based upon this court's independent review of the record, we conclude that at least one nonfrivolous issue exists. At the *Wade* hearing, testimony established that the defendant was identified by an eyewitness to the crime at a station house showup. Because New York courts frown upon police station showup identifications of arrested persons, holding them to be inadmissible as a matter of law unless there is an adequate showing of exigency *(People v Riley,* 70 NY2d 523), the showup at the station house presents a nonfrivolous issue for appeal. Under the circumstances, the motion of the defendant's assigned counsel to be relieved is granted and new appellate counsel is assigned *(see, People v Casiano,* 67 NY2d 906; *People v Woodham,* 153 AD2d 599). Mangano, P. J., Sullivan, Harwood and Miller, JJ., concur.